

FILED
MARTHA J. SMITH
JAN 30 2014
14:40
CIRCUIT CLERK
CLARK COUNTY, ARKANSAS

## IN THE CIRCUIT COURT OF CLARK COUNTY, ARKANSAS
## CIVIL DIVISION

MARY COOPER                                                                 PLAINTIFF

V.                            CV- 2014-15



EXHIBIT A

FRED'S STORES OF TENNESSEE, INC.,
d/b/a FRED'S STORE #1045 and JESSICA
ELDER                                                                       DEFENDANTS

### COMPLAINT

Comes the Plaintiff, Mary Cooper, by and through her attorney, Alan LeVar and for her cause of action states as follows:

### PARTIES AND JURISDICTION

1.      Plaintiff, Mary Cooper (hereinafter referred to as "Plaintiff"), was at all times relevant to this action, and still is, an individual residing in Clark County, Arkansas.

2.      Separate Defendant, Fred's Stores of Tennessee, Inc., d/b/a Fred's Store #1045, (hereinafter referred to as "Fred's"), is a corporation doing business in the State of Arkansas, whose registered agent for service is The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201. It owns and operates a grocery store at 2750 Pine Street in Arkadelphia, Arkansas 71923. Separate Defendant, Jessica Elder, upon belief was at the time of the incident, a resident of Clark County, Arkansas.

3.  The acts and events giving rise to this action occurred within Clark County, Arkansas.

4.  This Court has jurisdiction over the parties and subject matter pursuant to this Court's jurisdiction over personal injury claims predicated on negligence, such jurisdiction granted by Ark. Code Ann. § 16-13-201.

5.  Venue is proper in this Court based on the location of the incident giving rise to this claim and/or the parties hereto.

## FACTS

6.  Plaintiff hereby incorporates paragraphs 1 through 5 herein by reference.

7.  That on or about September 23, 2013, Plaintiff traveled to Fred's Store #1045 located on 2750 Pine Street in Arkadelphia, Arkansas 71923.

8.  At all times relevant hereto, Plaintiff was on Fred's said business premises, lawfully, and rightfully, as a business invitee.

9.  At all times relevant hereto, Fred's controlled, maintained, operated and possessed the afore-mentioned business premises.

10. As Plaintiff was walking through an aisle, she was unable to do so safely, as she slipped on the corner of an incorrectly stacked pallet, fell, fractured her hip, and hurt her ankle and right shoulder.

11. Plaintiff fell hard upon the floor, causing injuries, resulting in pain and injuries. Plaintiff was taken to the hospital and received medical treatment from Baptist Health Medical

Center in Arkadelphia and Little Rock, OrthoArkansas, Courtyard Gardens & Rehabilitation, Saline Memorial Hospital, Tilley Diagnostic, and Kevin McLeod. As a result of the fall and to date, the Plaintiff still suffers pain.

12. By reason of the negligence of Fred's stated herein, Plaintiff had to be seen by medical physicians and other health service providers and has been required to incur expenses for medical care and treatment.

13. By reason of the negligence of Defendant stated herein, Plaintiff suffered pain and suffering as a result of her injuries described herein.

14. As a direct and proximate result of his injuries, Plaintiff suffered damages as set forth herein.

## COUNT I-NEGLIGENCE

15. Plaintiff incorporates paragraphs 1 through 14 herein by reference.

16. At all times relevant to this action, Fred's had a duty to Plaintiff as a business invitee to use ordinary care to maintain the premises in reasonably safe condition.

17. Fred's knew or should have known that business invitees (including Plaintiff) would walk through the aisle while utilizing the premises, that the invitees would not notice the incorrectly stacked pallets, and that customers would be forced to walk through that area while on the premises.

18. Fred's owed a duty to business invitees, including Plaintiff, to anticipate the risk of harm to invitees and take precautions to guard against such harm. Fred's breached this duty to Plaintiff. Fred's failed to provide a reasonably safe aisle within which Plaintiff might shop,

19. Fred's, by and through its authorized agents, employees, or representatives, breached this duty to Plaintiff by negligently failing to stack pallets correctly where it is

reasonable to assume customers have to traverse in order to come in, browse through items, and make a purchase. This breach created an unsafe condition for business invitees such as Plaintiff. In the alternative, Fred's, or its authorized agents, employees, or representatives, breached the duty to the Plaintiff by allowing the pallets to be stacked incorrectly causing an unsafe condition, for such an amount of time that Fred's knew or should have known of its presence, and failed to remove or address the dangerous situation.

20. Fred's breached its duty to use ordinary care to maintain and inspect the premised in a reasonably safe condition for Plaintiff, who was a business invitee to which Fred's owed the highest degree of care.

21. Fred's carelessly and negligently allowed pallets to be stacked in a way that They created a trip hazard and weren't noticeable to customers creating an unsafe condition of the premised controlled, maintained, and operated by it, and such substance caused the Plaintiff to slip and fall with such force as to cause physical injury and necessitated subsequent medical treatment.

22. Fred's carelessly and negligently allowed the pallets to be stacked incorrectly and premises controlled, maintained and operated by it, that Fred's knew or reasonably should have known of its presence, and failed to use ordinary care to remove or address it.

23. Fred's carelessly and negligently failed to use ordinary care to maintain the premises in a reasonably safe condition.

24. Fred's carelessly and negligently failed to warn its business invitees, and more particularly the Plaintiff, of the presence of the pallets in the premises controlled, maintained and operated by it, and knew or reasonably should have known that failure to warn the Plaintiff of the trip hazard that would result in injury and

damages.

25. Fred's carelessly and negligently failed to correctly stack their pallets to protect the business invitees and patrons, and more particularly the Plaintiff, from the presence of pallet corners in the premises controlled, maintained and operated by it, and knew or reasonably should have known that failure to mark the area would result in injury and damages to the Plaintiff.

26. As a direct and proximate result of Fred's acts, or failures to act, as set forth herein, Plaintiff suffered damages as stated in the Prayer for Relief.

## PRAYER FOR RELIEF

27. Plaintiff hereby incorporates paragraphs 1 through 26 herein by reference.

28. As a direct and proximate result of the Fred's conduct, Plaintiff is entitled to the following damages, taking into account the nature, extent, duration, and permanency of her injuries, and in any event in an amount exceeding the minimum amount required for federal court jurisdiction in diversity of citizenship cases:

    a. Past and present medical care, treatment, services, expenses, and costs;

    b. Past and present pain, suffering, and mental anguish; and

    c. Future pain, and suffering.

29. Plaintiff respectfully requests the cost of litigating this case.

30. Plaintiff requests trial by jury.

31. Plaintiff reserves the right to plead further in this matter, to amend the Complaint, and file additional pleadings, as allowed by the Rules.

**WHEREFORE**, Plaintiff, Mary Cooper, respectfully requests that this Court grant her judgment against Defendants, Fred's Stores of Tennessee, Inc., d/b/a Fred's Store #1045, and

Jessica Elder for the relief sought herein, for her costs, and for any and all other just and proper relief to which she may be entitled.

                                      Respectfully submitted,

                                      Law Offices of Alan LeVar
                                      208 North 26th Street, Ste. B
                                      Arkadelphia, AR   71923
                                      (870) 246-7070

By: _____
        Alan LeVar, Bar No. 96155